The Court will now call Appeal 25-1399 Thomas v. McAuliffe. We'll begin with oral argument on behalf of the appellant, Ms. Pino. Good morning, Your Honors. Good morning. May it please the Court. The plaintiff appellant, Mr. Thomas, is requesting a new trial based on legally erroneous jury instructions and to items of highly prejudicial material inserted into the jury trial. And the jury instructions errors in the Civil Rights Trial Section 1983, specifically about the false arrest claim, were the Issues Instruction and the Authorized Acts Instruction. And the Issues Instruction, there were three areas of this traffic stop that he developed into what the arresting officers called a narcotics investigation, wherein a full custodial arrest took place. And for the false arrest claim, that's what we think were legally fully— the jury instructions as a whole did not guide the jury as to the law whatsoever. It seems that the Issues Instruction that you submitted was very similar to the Issues Instruction that was given. What are the differences? Well, Your Honor, at the morning of the last day of the trial, when we were finalizing the jury instructions, I deleted the Issues Instruction in its entirety. It was the Defense Counsel's instruction, and I deleted it in the email that morning and the Authorized Acts Instruction. And I said in my cover sheet of that email this morning, which is in my reply brief appendix, I said these are taken care of by the Seventh Circuit pattern jury instructions for this type of traffic stop in the false arrest and the arrest claim, 707, 708, and 709, I believe. And the problems with it were that it ended up with, as the Issues Instructions stated, probable cause that plaintiff had committed a crime, and that did not guide the jury as to which offense was the subject of the false arrest claim. And the set of facts in this incident, the only set of facts that could have matched the false arrest claim was what was the resisting arrest or possibly the obstruction crime, those sets of facts, because the initial traffic stop for failing to signal or laying something was a non-arrestable crime, and that's what initiated a traffic ordinance violation. And the police testified that at the trial, that that's initiated the traffic stop. This is a Fourth Amendment case, right? Yes. So isn't it clear that under the Fourth Amendment, there's no violation of the Fourth Amendment if police arrest for a traffic violation? Your Honor, I would say the Devon Peck v. Alfred rule. The city of Atwater from the Supreme Court? Atwater. Your Honor, I think that case is fully distinguishable and not applicable to this case because in Atwater, Texas law did allow police to arrest for the minor traffic. So you're arguing that the Fourth Amendment violation rises and falls with the state law? No, Your Honor. I'm just saying those cases are fully distinguishable from this case because in Atwater and Virginia v. Moore, those were under state law crimes in Virginia v. Moore, serious misdemeanor crimes, driving without a license and search incident, finding drugs upon search incident to arrest for the crime of driving without a license. Here in Atwater, the Texas state law allowed police to arrest for the driving without seatbelts crime. It's fully distinguishable from this case. And I'm just asking why that makes a difference under the Fourth Amendment. Your Honor, the plaintiff here is not arguing with any crime rule, the Devon Peck. This case doesn't reach that. We just wanted legally correct jury instructions for the set of facts when the plaintiff was taken out of his vehicle and placed in handcuffs. And first they placed him on the hood of one of the police vehicles and then they took him to a police vehicle to sit in the back. So he was placed like at two places at the scene of the crime. And defense counsel in his opening argument described that for the false arrest, that set of facts when he was not rolling down his window. It wasn't what initiated the traffic stop. So no one and the cannabis alleged evidence of the cannabis that was found in the defendant's vehicle by the police, that also is not a possible set of facts to have for the plaintiff's false arrest claim because those facts were not known to the police at the time the plaintiff was arrested and taken out of his car and put in handcuffs and held on the hood and eventually moved to the police vehicle, in the back seat of the police vehicle. The police found the alleged evidence of cannabis after the plaintiff was arrested. And the jury instructions did not make that clear. Also, the jury instructions did not describe the resisting or the obstructing crime. They omitted the materiality essential element, which is part of the Santa Satter Bay case. It's for both crimes. The jury instructions completely omitted the materiality case. And I did raise that in the morning of the last day in my email in my substitute instruction of what constitutes obstructing or resisting a law enforcement officer. I talked about that it required a level of materiality, but the district court did not give that instruction. Ms. Bito, would you like to reserve the remainder of your time? Yes, Your Honor. All right, very good. Thank you. Thank you so much. We'll now move to argument on behalf of the appellee, Ms. Chapman. Thank you, Your Honors. May it please the court. The district court correctly denied Thomas' motion for a new trial. The jury heard testimony that officers McAuliffe and Bodega stopped Thomas after they saw his vehicle turn without signaling. Their testimony in the body-worn cameras, which were repeatedly shown to the jury, played for them, showed that after smelling marijuana coming from the vehicle, Thomas refused to roll down his window or comply with more than a dozen commands to exit. On the video, does a statement ever given as to why he's not getting out of the car? There's clearly a refusal declination to leave the car, and the window was down a bit, but does the audio ever yield anything that Mr. Thomas said as to why he didn't get out? Not necessarily to my recollection. At some point, this could have been while he's in the car after he mentioned being afraid, fearful. But the officers, I mean, it's really immaterial to the question of whether he obeyed an authorized command by the officers who at that point had reasonable cause to stop him based on the turn signal. That's not at issue here. Clearly from the video, multiple officers are commenting on the smell just pouring out of the car. They inform them of that. We can smell this. Get out. Even if that wasn't on the record, they are authorized to have him step out pursuant to the traffic stop. And so regardless of what he was thinking or even vocalized to the officers, he needed to comply with that command, and his failure to do so was obstruction. After he did not get out of the vehicle, the officers removed him, and according to their own testimony to the jury, Thomas went limp, flailed, and tried to resist being put in handcuffs. On this record, the jury reasonably determined the officers had probable cause to arrest Thomas. As I will explain, the issues and authorized actions instructions were correct. Regardless, Thomas could not show he was prejudiced by them. With respect to Thomas's other arguments about the mention of a grinder and other arrests, unless this court has further questions, we're prepared to rest on our brief. Starting with Thomas's argument regarding the issues instruction, the issues instruction is intended to lay forth for the jury what the substantive law is and what the ultimate issue is, and that's exactly what the issues instruction did here. It informed the jury that whether or not an arrest is reasonable under the Fourth Amendment turns on whether the officers had probable cause. And here, per Thomas's own complaint, the issue was that they did not have probable cause for any crime. Even if his complaint had not specified any crime, that is the legal operative question. Thomas's arguments that probable cause should have been specified to the actual crime of resisting in the issues instruction is meritless and besides waived. As we note in our brief, Thomas did not make this argument when removing the issues instruction before it was given. Rather, Thomas's counsel said this instruction is redundant to the pattern instructions, which essentially said, as your honors noted, the exact same thing. That was correct, and that is the law. Failure to raise that issue at that juncture renders it waived. Waiver aside, the issues instruction was absolutely correct in not specifying resisting because, as the record bears forth, reasonable jury could find that there was probable cause to arrest for a number of other crimes. As your honor noted, state law does not hinder or change the Fourth Amendment analysis. This turns on whether or not they had reasonable suspicion that he had done something illegal, reasonable probable cause. They did. Whether the law at issue in Atwater did or did not allow officers to arrest is irrelevant. Regardless, Virginia v. Moore was illegal, and the court said that does not bar a Fourth Amendment holding that it's reasonable. Moreover, they had probable cause based on obstruction. As I noted earlier, Thomas refused to exit the vehicle. He refused multiple lawful commands. His refusal to comply with one was sufficient. Here, there were dozens. And finally, the smell of the marijuana gave the officers probable cause to believe that he was in possession of marijuana. That's United States v. Page. And as this court has held, arrest based on seizure or search is reasonable. If there is a localized smell in here, he's the only individual in the vicinity. There is no doubt that there is evidence put before the jury based on the video that these officers smell it right there. He's the only one. They could have arrested him for that. Ms. Chapman, I have a question. I've watched the body camera footage, and I'm hoping you can help me understand how we got precisely to this point, which is to say how we got past summary judgment and qualified immunity in this case. Was the footage before the court at those stages, or is there a further development of the record at trial? My understanding is that the footage was before the court. I will note, though, that we were requested to submit the footage before argument because the district court had trouble finding it. But my understanding based on the record and what we cite in our own brief is that it was before the court. But I had the same question myself. Turning really briefly to the authorized acts instruction, that, too, was proper. Notably, Mr. Thomas is not disputing that the underlying crimes instructions were erroneous, if those were agreed to, and is not contesting the accuracy of the authorized acts instruction itself. Rather, he is arguing that an additional six-paragraph long instruction purporting to describe the definition of resisting obstruction, although really only focusing on resisting, should have been before the jury. That is incorrect for a number of reasons. First, because the instruction given accurately stated the law and mirrored exactly how the Illinois statute lays forth the crime of obstructing and resisting. Two, the instruction that he proffered was extremely long and confusing and would have just injected more confusion into the case. It referenced cases. It would have just been completely unnecessary. And it would have been unnecessary because no one was putting forth the argument that arguing with an officer, as he was maintaining was the need for this instruction, was the reason that he was resisting. The argument by defense counsel was that his flailing and going limp, which, pursuant to this proffered instruction, is the legal definition of resisting, was present here, thus he was resisting, and also that his failure to get out of the car was obstruction. And, again, there can be no prejudice from this because there are multiple grounds upon which the jury could reasonably conclude there was probable cause. If the court has no further questions. Thank you, Ms. Chapman. We ask that you affirm. Thank you. Thank you. We'll now move Ms. Pino back to you for rebuttal argument. This is a simple request for a new trial because the jury instructions did not, as a whole, did not describe, did not give the jury, did not legally state the law of either the resisting crime or the obstruction crime. And the authorized acts instruction reads, if a police officer, given to the jury, if a police officer has reasonable articular suspicion to conduct a traffic stop, the motorist must comply with the officer's commands. There's no such rule, and there's no such law. If the second paragraph is, the defense counsel made that up. If a police, the second paragraph is, if a police officer does not have reasonable articular suspicion to conduct a traffic stop, the motorist does not need to comply with the officer's commands until the officer has probable cause to search the vehicle. That's also not based in any law. And that's very confusing to the jury, and that is not the law of either the resisting crime or the obstructing crime. I refer the court to the People v. Gallagher case in the plaintiff's opening brief at pages 17 and 18, which addresses this point directly on what should be the statement instead of this second paragraph. And that is, the second paragraph should have been, quote, and this is from the People v. Gallagher case, if a police officer does not have reasonable articular suspicion to conduct a traffic stop, comma, he is not engaged in, quote, an authorized act under the resisting and obstructing statute, period. But the defense counsel's authorized acts instruction as given by the district court to the jury states, the motorist does not need to comply with the officer's commands until the officer has probable cause to search the vehicle. That's not the law. So that was highly confusing. The issue's instruction allowed the jury, because it said a crime, meaning any crime, it allowed the jury to use a cannabis-related crime for the false arrest case, but that was wrong because it's not possible time-wise because the facts were not known to the officers until after the plaintiff was arrested. The alleged cannabis was found in the car after the police had already taken the plaintiff out and put him in handcuffs after they had arrested him. The counsel just repeated the case that she cited on page 32 of their response brief, stating that she cited U.S. v. Jackson and three or four other cases there, and she said that the police can make an arrest based on the smell of cannabis, but that's not what those using, she's confusing the word seizure and the Fourth Amendment term seizure, but that's just the beginning of the traffic stop. The traffic stop itself is the seizure, and those cases that she cited do not say search, that the cannabis smell gives the police probable cause to search, not to arrest, and she misstated the holdings of all of those cases on page 32, and she just repeated that. I discussed why I went over those cases in detail in my reply brief. She also repeated the U.S. v. Page case. The U.S. v. Page case is wholly distinguishable from this case. There are no facts in the case, in this record, in the case from anywhere that would bring the case at bar into the holding of the U.S. v. Page case. There, in U.S. v. Page, Officer Sheets Walker testified very specifically that she could smell the strong skunky smell coming from the arrestee's person off of his body and continued to smell this fresh marijuana smell emanating off of his body as she walked into her police wagon. Here, there's no such testimony, there's no such facts by any of the police. They have, in the transcripts, there are several statements by the police at trial stating that they smelled the cannabis smell from the car, from the car, not from Mr. Thomas's person. So the police did not arrest him for the smell of cannabis. Also, she's contradicting the defense, the trial counsel, because at trial, her own colleague, because the trial defense counsel, in his opening statement, that's docket number 152 at pages 14 and 15, he stated that the plaintiff was arrested because he refused to roll down the window, et cetera, exit the vehicle. So it's those sets of facts. So we are just asking for legally correct jury instructions for the set of facts for the arrest. And I also want to correct, if I may, I was focused on the resisting crime, the resisting part of the statute, not the obstructing. But I apologize, I did overlook the rule in Abbott v. Sangamon County at page 720, that if there was no prior arrest going on, then the resisting arrest crime does not apply. So really, the obstructing portion of the statute is probably the more apt crime to fit the set of facts here, not the resisting portion. But at trial, defense counsel was focused on the resisting portion as well. But regardless, the jury instructions did not state the elements of either the resisting portion of the statute or the obstructing portion. There was no direction to the jury of the materiality element. The knowledge element, it's really a specific knowledge crime, the obstruction crime, and that was not explained to the jury. And the fact that the issues instruction given to the jury said a crime, did not direct the jury to which crime they were talking about. And they absolutely could have issued their verdict against the plaintiff for a cannabis-related crime. Thank you, Ms. Pino. Thank you, Ms. Chapman. The case will be taken under advisement. Thank you.